## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CLEARVIEW IMAGING, LLC** d/b/a
**CLEARVIEW OPEN MRI**, as assignee,
individually, and on behalf of all similarly
situated,

      Plaintiff,

v.

**PROGRESSIVE AMERICAN
INSURANCE COMPANY** and
**PROGRESSIVE EXPRESS INSURANCE
COMPANY**,

      Defendant.

_____/

Case No.: 8:19-cv-1299-MSS-CPT

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Clearview Imaging, LLC opposes the Motion to Dismiss the First Amended

Complaint (Doc. 27) filed by Defendant, Progressive American Insurance Company.

### INTRODUCTION

Section 627.736(5)(a)1, Florida Statutes, gives insurance companies the authority to apply

a statutory list of caps or discounts (called the "schedule of maximum charges") to the portion of

a medical bill they are required to pay in personal injury protection (**"PIP"**) insurance benefits.

Section 627.736(5)(a)1 states that only "insurers" are permitted to rely on those statutory discounts

to "limit reimbursement." In contrast, Section 627.736(5)(a)4, Florida Statutes, states those

statutory discounts do not apply to "amounts that are not covered by the insured's personal injury

protection coverage due to the coinsurance amount or maximum policy limits." Likewise, Section

627.739(2), Florida Statutes, does not allow those discounts to be applied to amounts covered by

the insured patient's PIP deductible. Simply put, the Florida Legislature has given PIP insurers

statutory discounts on the amounts they must pay for medical expense benefits, but discounts do

not apply to the amounts to be paid by the insured.

Plaintiff alleges that Progressive routinely violates Section 627.736(5)(a)1 and 4 by unlawfully reducing the portion of a medical bill covered by the insured patient's coinsurance obligation, and then advises the insured patient to underpay that portion of the health care provider's bill. *See* Am. Complaint (Doc. 19) at ¶¶ 26-52. In this situation, Progressive's insurance policies promise that "[t]he insured person shall not be responsible for payment of any reductions applied by [Progressive]" and that Progressive "will be responsible for resolving such dispute." *See* Am. Complaint (Doc. 19) at ¶ 23. Plaintiff alleges that Progressive is violating these statutory and insurance policy provisions, and seeks damages, injunctive relief, and declaratory relief pursuant to assignment of benefits forms that place Plaintiff and the putative class members in the shoes of Progressive's insureds.

In its motion, Progressive primarily argues (incorrectly) that based on the insurance policy language, Plaintiff cannot recover damages. **<u>First</u>**, there is no dispute that the insurance policies promise Progressive "will be responsible" for "any" disputed reductions. Plaintiff believes the Court can rule on this narrow legal issue as to the recoverability of contract damages now as a matter of law, even at the motion to dismiss stage, and respectfully suggests it should rule in Plaintiff's favor. *See Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1312 (S.D. Fla. 2014) (when contract is unambiguous, court may rule at motion to dismiss stage whether contract has been breached); *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (exception to "four corners" rule is "when a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss"). **<u>Second</u>**, even if the Court decides that Plaintiff cannot state

claims for damages under the policy language, Plaintiff is nonetheless entitled to declaratory and injunctive relief based on Progressive's ongoing misconduct.

## NATURE OF THE DISPUTE

In Florida, PIP insurance is required by Section 627.736(1)(a), and it generally covers 80% of the insured's reasonable medical expenses up to $10,000. This requirement is referred to as the PIP statute's "reasonable medical expenses coverage mandate." *Allstate Ins. Co. v. Orthopedic Specialists*, 212 So.3d 973, 977 (Fla. 2017). That mandate covers the PIP insurer's portion of the medical expenses, but not the insured's portions. The insured's portions are: (1) the deductible, (2) the co-payment, also referred to as "coinsurance," and (3) any expenses that exceed the $10,000 of PIP coverage. *See*, §§ 627.736(5)(a)4 and 627.739(2).

In this case, Progressive is unlawfully reducing the portion of the bills covered by the insured's coinsurance or co-payment obligation. Although Progressive argues Plaintiff's claims are "meritless," "illogical," "groundless," "absurd," and "inconsistent with ... common sense," the Florida Supreme Court rejected the same arguments from Progressive in *Progressive Select Ins. Co. v. Florida Hospital Med. Cntr.*, 260 So.3d 219 (Fla. 2018) ("***Florida Hospital II***").

*Florida Hospital II* involved Progressive's routine practice of unlawfully reducing portions of a medical bill that the insured patient is obligated to pay and then advising the insured patient to pay the incorrectly reduced amount. In that case, Progressive was unlawfully reducing the portion of the medical bill covered by the insured patient's deductible obligation. In *this* case, Progressive is similarly unlawfully reducing the portion of the medical bill covered by the insured patient's coinsurance or co-payment obligation. In both situations, Progressive is extending its own statutory discounts to portions of the medical bill that are not discounted and then advising the insured patient to pay the incorrectly reduced amount. That results in the insured's health care provider being underpaid and potentially exposed to criminal charges and disciplinary action under

Section 817.234(2)(a) and (7)(a), Florida Statutes. *See, Progressive Select Ins. Co. v. Florida Hospital Med. Cntr.,* 236 So.3d 1183, 1191 (Fla. 5th DCA), *approved*, 260 So.3d 219 (Fla. 2018) ("***Florida Hospital I***"). In *Florida Hospital II*, the Florida Supreme Court held that Section 627.736(5)(a)1 "only permits an 'insurer' to limit 'reimbursement' based on the schedule of maximum charges" and that "[t]here is no basis for concluding that the reimbursement limitation applies to charges … which the insured alone is obligated to pay." *Florida Hospital II*, 260 So.3d at 224. The same problem exists in this case.

In addition to being wrong about the merits of the Plaintiff's claims, Progressive's motion is otherwise without merit. Therefore, this Court should deny Progressive's motion.

## LEGAL STANDARD

A complaint must merely provide "a short and plain statement of the claim showing the pleader is entitled to relief" so the defendant has fair notice of the claim and its grounds. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss should be denied when the complaint's allegations raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The rule does not impose a probability requirement at the pleading stage, but instead calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Watts v. Fla. Int'l Univ.*, 495 F. 3d 1289, 1295-1296 (11th Cir. 2007).

## ARGUMENT

### A.    The Amended Complaint alleges all necessary elements of each cause of action.

Notably, Progressive's motion does not contend that any count of the Amended Complaint fails to allege any essential element of the cause of action asserted. Instead, Progressive seeks an immediate dismissal and a preemptive declaration of the parties' rights on the merits. On a Rule 12(b)(6) motion to dismiss, a defendant cannot proffer additional factual allegations without

implying that its motion should be converted into a motion for summary judgment, with the plaintiff being afforded the rights by Federal Rules of Civil Procedure 12(d) and 56 to receive notice, conduct discovery, and present evidence. *See, e.g., Almanza v. United Airlines, Inc.,* 851 F.3d 1060, 1071, n. 8 (11th Cir. 2017); *Lopez v. U.S.*, 656 Fed. Appx. 957, 968 (11th Cir. 2016). Because the complaint adequately pleads all elements required by Florida law for each cause of action asserted, Progressive's motion must be denied.

**B.      Legislative history cannot alter the plain language of the PIP statute.**

Section D of Progressive's motion presents one-sided, cherry-picked, irrelevant, hearsay, and otherwise inadmissible materials from various reports concerning so-called "medical provider abuse." This case is not about medical provider abuse, and Progressive has not presented any proof of such abuse. As in *Florida Hospital II*, this case involves unlawful claims processing tactics Progressive routinely uses to obtain windfall profits at the expense of health care providers who treat Progressive's insureds with the reasonable expectation of being paid.

Here, the Plaintiff relies on the plain language of the PIP statute and the controlling case law applying it. Progressive's discussion of the PIP statute's legislative history is irrelevant, and apparently intended to distract this Court from Progressive's violations of the plain language of Section 627.736(5)(a)1 and 4. *See, e.g., Rollins v. Pizzarelli*, 761 So.2d 294, 299 (Fla. 2000) ("legislative history cannot be used to alter the plain meaning of the statute").

**C.      Plaintiff <u>can</u> sue Progressive over co-payments reductions (*response to Section I.A*).**

This case presents a dispute about the plain language of the PIP statute and Progressive's own insurance policies. Plaintiff contends Progressive is unlawfully reducing medical bills in violation of Section 627.736(5)(a)1 and 4, and that its insurance policies promise Progressive "will be responsible" for "any" such reductions. Progressive disagrees and contends it has done nothing wrong, and even if it improperly reduced the bills, its policies provide no coverage, and any

improper reductions are the insured's responsibility. Based on these conflicting positions, this is precisely the type of controversy the Florida Declaratory Judgment Act can resolve.[1] Therefore, there is no basis to dismiss Plaintiff's declaratory relief claim in Count I.

Further, if the Plaintiff's declaratory relief claim results in a determination that Progressive is violating Section 627.736(5)(a)1 and 4 by unlawfully reducing medical bills, then the Plaintiff's injunctive relief claim is appropriate to prevent and enjoin Progressive's ongoing conduct. Likewise, if the declaratory relief claim results in a determination that Progressive's insurance policies provide coverage for Progressive's unlawful reductions of medical bills, the Plaintiff's breach of contract claim for damages is also appropriate.

The plain language of the PIP statute, as confirmed by the Florida Supreme Court's controlling decisions,[2] provides two different methods for calculating the amount of PIP benefits payable by PIP insurers under the reasonable medical expenses coverage mandate of Section 627.736(1)(a). *Geico Gen. Ins. Co. v. Virtual Imaging Servs., Inc.,* 141 So.3d 147, 156 (Fla. 2013); *Orthopedic*, 212 So. 3d at 976. The first method determines the reasonable amount of benefits using a fact-dependent method. *See* § 627.736(5)(a), Fla. Stat. The second "alternative" method is a "reimbursement limitation" that is based on a fixed and predetermined "schedule of maximum charges" and numerous other terms and conditions. *See* § 627.736(5)(a)1-5; *Virtual*, 141 So.3d at 156 (2008 PIP amendments "provided an alternative, permissive way" to satisfy reasonable

---

[1] *See, e.g.,* § 86.021, Fla. Stat. ("Any person claiming to be interested or who may be in doubt about his or her rights under a ... contract, ... or whose rights, status, or other equitable or legal relations are affected by a statute, or any ... contract, ... may have determined any question of construction or validity arising under such statute, ... contract, ... or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder."); § 86.031, Fla. Stat. ("A contract may be construed either before or after there has been a breach of it."); § 86.051, Fla. Stat. (declaratory judgment "may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened, and in such case the judgment shall have the same binding effect with respect to that future act or event, and the rights or liability to arise therefrom, as if that act or event had already been done or had already happened before the judgment was rendered").

[2] In this diversity case, the substantive law of Florida controls. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

medical expenses coverage mandate); *Florida Hospital II*, 260 So.3d at 220-226 (describing second method as "the reimbursement limitation").

In *Florida Hospital I* and *II*, Progressive was unlawfully applying the reimbursement limitation discounts to medical expenses covered by the insured patient's own PIP deductible obligation. The Florida Supreme Court explained the reimbursement limitation **only applies to the portion of a medical bill covered by PIP, and <u>not</u> to any portions of a medical bill not covered by PIP**. *Florida Hospital II*, 260 So.3d at 224.

In Section I.A of its motion, Progressive contends its insured's co-payment obligation is not covered by the insurance policies. The policies themselves, however, contradict that contention. In this regard, Progressive's insurance policies are very unique. Unlike insurance policies issued by other PIP insurers operating in Florida, **Progressive's insurance policies expressly extend Progressive's statutory discount to its insureds** and then promise that **Progressive "will be responsible"** for **"any" disputed reduction** to the medical bill:

> ... Whenever a medical provider agrees to a reduction of medical **<u>benefits</u>** charged, **<u>any</u>** **<u>*co-payment*</u>** **<u>owed</u>** **<u>by</u>** **<u>an</u>** **<u>insured</u>** **<u>person</u>** **<u>will</u>** **<u>also</u>** **<u>be</u>** **<u>reduced</u>**.
>
> The insured person shall not be responsible for payment of **<u>*any*</u>** **reductions applied by us**. If a medical provider disputes an amount paid by us, **<u>*we*</u>** **<u>*will*</u>** **<u>*be responsible*</u>** for resolving such dispute.

*See*, Am. Complaint at Exhibit A, p. 17 of 49, and Exhibit B at p. 18-19 of 52 (emph. added).

In the first paragraph of the above-quoted provision, the "benefits" refer to PIP insurance benefits, which are Progressive's statutory obligation to pay under the PIP reasonable medical expense coverage mandate, and the "co-payment" refers to the portion of the medical bill not covered by PIP and is solely covered by the insured's co-payment (or coinsurance). That is, when the insurance policy states, "Whenever a medical provider agrees to a reduction of medical benefits charged, any co-payment owed by an insured person will also be reduced," Progressive is

purporting to extend the its reimbursement limitation discounts under Section 627.736(5)(a)1 **to the insured patient**. Sections 627.736(5)(a)4 and 817.234(7)(a) and (b), however, confirm that those discounts do not apply to the insured patient's portion of the medical bill, and Progressive has no right to extend its discount to the insured's co-payment.

In the second paragraph of the above-quoted provision, Progressive promises its insured "shall not be responsible for payment of <u>any</u> reductions applied by" Progressive, and that Progressive "will be responsible for resolving such dispute." As Progressive's motion acknowledges, the "terms of an insurance policy should be taken and understood in their ordinary sense and the policy should receive a reasonable, practical and sensible interpretation consistent with the intent of the parties – not a strained, forced or unrealistic construction." *Siegle v. Progressive Consumers Ins. Co*., 819 So.2d 732, 736 (Fla. 2002). So, when Progressive's policy promises that the insured **"shall not be responsible" for "any" improper reductions by Progressive**, and that Progressive **"will be responsible,"** Progressive has agreed to cover any improper reduction that Progressive applied.

Progressive wants to disregard the above-quoted insurance policy language by arguing "a co-payment is not covered by the policy." *See,* Motion to Dismiss at p. 11. This is not accurate. In Florida, a PIP insurance policy is <u>not</u> allowed to provide <u>less</u> than the minimum amount of coverage required by the PIP statute. *Orthopedic*, 212 So.3d at 977 (a PIP insurance policy "cannot contain a statement that the insurer will not pay eighty percent of reasonable charges because no insurer can disclaim the PIP statute's reasonable medical expenses coverage mandate").[3] But

---

[3] *See also, Young v. Progressive Southeastern Ins. Co*., 753 So.2d 80, 83 (Fla.2000) (provisions of insurance policies which provide less coverage than required by the statute are void as contrary to public policy); *Flores v. Allstate Ins. Co.,* 819 So.2d 740, 745 (Fla.2002) (courts have an obligation to invalidate exclusions on coverage that are inconsistent with the purpose of the statute that mandates the coverage); *Salas v. Liberty Mut. Fire. Ins. Co*., 272 So.2d 1, 5 (Fla.1972) (insurance coverage that is a creature of statute is not susceptible to the insurer's attempts to limit or negate the protection afforded by the law).

nothing prevents an insurance policy from providing **greater** coverage than the minimum amount required by law. *Kingsway Amigo Ins. Co. v. Ocean Health, Inc.,* 63 So.3d 63, 68 (Fla. 4th DCA 2011) ("insurance company is not precluded from offering greater coverage than that required by statute"). When "the insurance policy provides greater coverage than the amount required by statute, the terms of the policy will control." *DCI MRI, Inc. v. Geico Indem. Co.,* 79 So.3d 840, 842 (Fla. 4th DCA 2012). By agreeing that Progressive "will be responsible" for "any" improper reductions, the unique provisions of Progressive's insurance policies provide greater coverage than required by the PIP statute.

Progressive suggests the above-quoted provision of its insurance policy means something else. But, "[w]here the policy language 'is susceptible to more than one reasonable interpretation, one providing coverage and ... another limiting coverage, the insurance policy is considered ambiguous'" and must be "'construed against the drafter and in favor of the insured.'" *Chandler v. Geico Indem. Co.,* 78 So.3d 1293, 1300 (Fla.2011).[4] Because Progressive's motion confirms the parties disagree about the meaning of the policy language, declaratory relief is appropriate. *Higgins v. State Farm Fire & Cas. Co.*, 894 So.2d 5, 13 (Fla. 2004) (the Florida Declaratory Judgment Act should be "construed so that declaratory judgment actions are an available procedure to resolve insurance coverage controversies").

**D.    The insureds are not necessary parties (*response to Sections I.B and II*).**

In Section I.B of its motion, Progressive contends that Plaintiff's dispute is against the insured patients, not Progressive, and in Section II, Progressive contends the insured patients are necessary parties. Progressive is incorrect.

---

[4] *See also*, *Washington Nat. Ins. Corp. v. Ruderman*, 117 So.3d 943, 950 (Fla. 2013) (interpretation of an insurance policy must endeavor to give every provision its full meaning and operative effect, and any ambiguity must be liberally construed in favor of coverage and strictly against the insurer); *Penzer v. Transp. Ins. Co.,* 545 F.3d 1303, 1306 (11th Cir. 2008) (under Florida law, ambiguities in an insurance policy are construed against the insurer).

Plaintiff is suing as the assignee of its insured patients. Likewise, under the class definition, to be a class member, one must be a health care provider who owns an assignment of benefits from its insured patient. *See*, Am. Complaint at ¶¶ 31, 39, 47, 55(c) and Exhibits C, E, G.

Under Florida law, an insurance claim is generally assignable. *See, Prescription Partners, LLC v. State, Dept. of Fin. Services*, 109 So.3d 1218, 1222 (Fla. 1st DCA 2013).[5] When a health care provider obtains an assignment of benefits, it stands in the shoes of the insured patient, has the same rights and status of the insured, may enforce the insurance policy against the insurance company, and the insured's cause of action is transferred to the provider. *Geico Indem. Co. v. Virtual Imaging Services, Inc.,*79 So.3d 55, 58, n. 1 (Fla. 3d DCA 2011); *Prof'l Consulting Services, Inc. v. Hartford Life & Accident Ins. Co.,* 849 So.2d 446, 447 (Fla. 2d DCA 2003); *Schuster v. Blue Cross & Blue Shield of Fla., Inc.,* 843 So.2d 909, 911 (Fla. 4th DCA 2003).

Thus, in effect, Plaintiff and the putative class members are the insureds because of their assignments of benefits. Because Plaintiff contends that Progressive agreed in its insurance policies to "be responsible" for "any" improper reductions, Plaintiff has no reason to sue its patients for the portion of its medical bills that Plaintiff maintains Progressive agreed to cover. Notably, none of the cases cited by Progressive involve an alleged indispensable party who assigned his claim to the plaintiff.[6] Because Plaintiff and all putative class members stand in the shoes of the assignor insureds, the insureds are not indispensable parties. *Samincorp, Inc. v. Southwire Co.,*

---

[5] *See also VOSR Indus. v. Martin Props., Inc.,* 919 So.2d 554, 556 (Fla. 4th DCA 2005); *One Call Prop. Services Inc. v. Sec. First Ins. Co*., 165 So.3d 749, 752–53 (Fla. 4th DCA 2015); *Kohl v. Blue Cross & Blue Shield of Fla., Inc*., 988 So.2d 654, 658 (Fla. 4th DCA 2008); *United Cos. Life Ins. Co. v. State Farm & Fire Cas. Co*., 477 So.2d 645, 646 (Fla. 1st DCA 1985).

[6] None of the following cases cited by Progressive involved an assignment: *Liberty Mut. Fire Ins. Co. v. Int'l Video Distrib., LLC*, 2014 WL 11776959 (S.D. Fla. July 2, 2014); *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675 (S.D. Fla. 2014); *Am. Standard Ins. Co. v. Rogers*, 123 F. Supp. 2d 461 (S.D. Ind. 2000); *1800 Atlantic Condo. Ass'n, Inc. v. 1800 Atlantic Devs*., 569 So.2d 885 (Fla. 3d DCA 1990); *Two Islands Dev. Corp. v. Clarke*, 157 So.3d 1081 (Fla. 3d DCA 2015).

*Inc.,* 531 F. Supp. 1, 3 (N.D. Ga. 1980) (denying motion to dismiss for failure to join indispensable party where alleged indispensable party had assigned to plaintiff all rights arising out of the contract which formed the basis for litigation and was not "critical to the disposition of the important issues in the litigation"). Because the insured patients assigned their claims, they have no standing to participate in this lawsuit. *State Farm Mut. Auto. Ins. Co. v. Williams,* 843 F.3d 1311, 1314, n. 4 (11th Cir. 2014) (PIP insureds who assigned their claims had no basis to intervene in lawsuit until they revoked their assignment of benefits).[7]

Contrary to Progressive's argument, the rights of the insureds will not be prejudiced by this lawsuit. Under Section 86.091, Florida Statutes, "No declaration shall prejudice the rights of persons not parties to the proceedings." Further, if Plaintiff were to win this lawsuit, Progressive, not the insured, would owe the damages caused by Progressive's unlawful reductions. Or, if Progressive wins, that would mean Progressive did not unlawfully reduce the bills and/or does not provide any coverage for such a reduction, and in that event, the insureds would not owe any amounts to Plaintiff or the class members, other than the amount otherwise owed as their co-payment. Either way, this Court can provide complete relief among the existing parties, the assignor insureds are not prejudiced, and there is no risk of any insured incurring duplicative obligations.

---

[7] *See also, Livingston v. State Farm Mut. Auto. Ins. Co.,* 774 So.2d 716 (Fla. 2d DCA 2000) (once insured assigned her cause of action, insured's lawsuit against insurer for assigned claims was barred or rendered premature while health care provider had an unresolved dispute with insurance company and insured did not retain any risk of loss or any contingent liability that warranted immediate, separate lawsuit against insurance company); *Oglesby v. State Farm Mut. Auto. Ins. Co.,* 781 So.2d 469, 470 (Fla. 5th DCA 2001) (when insured provides assignment of insurance benefits to health care provider in which insured remains liable for any medical bills not paid by the insurer, the insured has no standing to maintain a direct action against the insurer); *Superior Ins. Co. v. Libert,* 776 So.2d 360, 365, n. 4 (Fla. 5th DCA 2001) ("insurers cannot have it both ways arguing lack of standing on the part of an insured when benefits have been assigned and arguing lack of standing on the part of the medical service provider when suits are brought to enforce the contract between the insured and the insurer").

**E.**    *Florida Hospital I* **and** *II* **control (***response to Section I.C***).**

In Section C of its motion, Progressive attempts to avoid the Florida Supreme Court's controlling decision in *Florida Hospital II*. In that case (as in this case), Progressive applied the statutory discounts to the entire medical bill, including the portion that was not payable by PIP because it was covered by the insured patient's deductible obligation. As in this case, Progressive contended the amount of the insured patient's deductible amount should be determined **after** the entire bill was reduced by the reimbursement limitation discounts of Section 627.736(5)(a)1. Both the Fifth District and the Florida Supreme Court rejected Progressive's arguments and found the reimbursement limitations only apply to the portion of the medical bill reimbursed by PIP and not the portion that must be paid by the insured patient:

> ... section 627.736(5)(a) 1. only permits an "insurer" to limit "reimbursement" based on the schedule of maximum charges. Before the deductible is satisfied, "the insurer is not reimbursing the medical provider"; rather, the policyholder is compensating the provider. ... There is no basis for concluding that the reimbursement limitation applies to charges included in the deductible, "which the insured alone is obligated to pay and which are not recoverable as benefits under the policy."

*Florida Hospital II*, 260 So.3d at 224. *See also, Florida Hospital I*, 236 So.3d at 1190-92.

Progressive attempts to distinguish *Florida Hospital II* on the following grounds: (1) that case involved the deductible and not the co-payment, (2) the dispute was over Progressive's "own obligations" covered by the insurance policy and not amounts payable by the insured, and (3) that case involved the interplay between the PIP statute and the PIP deductible statute. These are distinctions without a difference.

First, the amount of the insured's deductible obligation and the insured's co-payment obligation (as well as the amount of the insured's obligation to pay expenses exceeding the $10,000 of PIP coverage) are unaffected by the reimbursement limitation discounts afforded to PIP insurers by Section 627.736(5)(a)1. Under Section 627.736(5)(a)4, the reimbursement limitations do not

apply to the portion of a medical bill not covered by PIP. Progressive's "Explanation of Benefits" forms equate "Deductible/Co-Pay" as the same type of non-reimbursed medical expense, and routinely acknowledge the reimbursement limitations do not apply to the insured patient's deductible amount and co-payment (coinsurance) amount:

| Deductible/Co-Pay | ... |

. . . .

Please be aware that pursuant to Florida Statute 627.736 (5) (a) 2. and 5., if an insurer elects to pay pursuant to the fee schedules found in paragraph 2., then pursuant to paragraph 5., the person providing any services, supplies or care, cannot bill or attempt to collect from you any amount in excess of the fee schedules, except for coinsurance, which would be 20% of the fee schedule amount or a deductible up to the maximum policy limits.

*See,* Am. Complaint at Exhibit D, p.1-2; Exhibit F, p. 1-2; Exhibit H, p. 1-2. These statements plainly place "coinsurance" and the "deductible" within the same category of expenses that are not affected by the "fee schedule" discounts (*i.e.*, the reimbursement limitations) of former Section 627.736(5)(a)2 and 5, which are currently numbered (5)(a)1 and 4. Thus, Progressive's attempt to draw a distinction between the calculation of the amount covered by the deductible and the amount covered by coinsurance is without merit and contradicted by its own documents.

As for Progressive's second purported distinction, this case—just like *Florida Hospital II*– involves Progressive's "own obligations" under the insurance policies, because in this case, the insurance policies promise that Progressive "will be responsible" for "any" improper reductions. As for Progressive's third purported distinction, this case does not involve the interplay between the PIP statute and the PIP deductible statute, but it does involve the interplay between subsections (5)(a)1 and (5)(a)4 of the PIP statute. Just as Section 627.739(2) governs the proper calculation of expenses covered by the insured's deductible, Section 627.736(5)(a)4 governs the proper calculation of expenses covered by the insured's coinsurance.

**F.      *Abreu* applies (*response to Section I.D*).**

Paragraph 25 of the Amended Complaint cites to *Advantacare of Florida, LLC, a.a.o.*

*Danely Abreu v. Progressive American Ins. Co.,* 25 Fla. L. Weekly Supp. 61a (Volusia County Ct. March 17, 2017), *affirmed*, No. 2017-1008-APCC (Fla. 7th Cir. Ct. App. Div. March 28, 2018), because it held that the provision of Progressive's policies which purport to extend the reimbursement limitations to the insured's co-payment (coinsurance) amount is unlawful. *Id.*, 25 Fla. L. Weekly Supp. 564a at ¶ 45. That holding is consistent with *Florida Hospital II*'s holding that there is "no basis for concluding that the reimbursement limitation applies to charges … which the insured alone is obligated to pay." *Id.*, 260 So.3d at 224. Contrary to Progressive's argument, *State Farm Mut. Auto. Ins. Co. v. MRI Assocs. of Tampa, Inc.*, 252 So.3d 773 (Fla. 2d DCA 2018) has nothing to do with calculating the insured's co-payment and does not address the provision in Progressive's insurance policies that purports to extend the PIP insurer's reimbursement limitation discounts to the insured's co-payment amount.

Progressive's motion correctly notes that a state circuit court acting in its appellate capacity recently reversed *Hess Spinal & Medical Cntrs., Inc., a.a.o., Stefan Iliev v. Progressive Am. Ins. Co.,* 25 Fla. L. Weekly Supp. 564a (Fla. Hillsborough County Ct. Aug. 22, 2017), but the appellate decision does not mention the Progressive insurance policy provision at issue here that extends the PIP insurer's reimbursement limitation discounts to the insured's coinsurance amount. Even if it did, *Florida Hospital II*'s holding that there is "no basis for concluding that the reimbursement limitation applies to charges … which the insured alone is obligated to pay," obviously controls.

**F.    The Court must enforce the plain language of the policy (*response to Section III*).**

Plaintiff agrees Progressive's insurance policies must be interpreted in the light most favorable to the insured (*i.e.*, in favor of providing coverage), and that Plaintiff stands in the shoes of the assignor insured patients. *Ruderman*, 117 So.3d at 950; *Schuster,* 843 So.2d at 911.

However, Progressive's contention that Plaintiff's interest in enforcing Progressive's promise to "be responsible" for making "any" improper reduction conflicts with the insured

patient's interest is incorrect. The Florida Supreme Court has rejected that same argument:

> [T]his is of particular concern to health care providers, who render services to PIP insureds in reliance on the terms of the insured's policy. … [The insurance company's] justification for its decision to reimburse at reduced rates without providing notice of this election in its policy—that such reduced reimbursement rates are in the best interests of the insured—ignores the fact that the [health care] provider also needs notice of the reimbursement rate because it is the [health care] provider who is forced to accept the lower payment rate after rendering services in reliance on the terms of the policy.

*Virtual*, 141 So.3d at 159-160. *See also, Geico*, 79 So.3d at 58, n. 1 (there is no material distinction between the assignor policy holders and the assignee health care provider because an assignee "stands in the shoes of the assignor and may enforce the contract against the original obligor in his own name"); *Florida Hospital I*, 236 So.3d at 1191-92 (rejecting Progressive's argument because it "would allow the insurer to pay less in benefits that would otherwise be due").

## G.    A pre-suit demand letter is not required (*response to Section IV*).

Before filing a lawsuit seeking PIP benefits, a plaintiff must comply with the pre-suit demand letter requirements of Section 627.736(10), Florida Statutes, which states:

> (10) … (a) As a condition precedent **to filing any <u>action for benefits</u> under this section**, the insurer must be provided with written notice of an intent to initiate litigation. Such notice may not be sent until the claim is overdue, including any additional time the insurer has to pay the claim pursuant to paragraph (4)(b).

(Emph. added). There are several reasons why this provision does not apply to this case.

<u>**First**</u>, this lawsuit does not seek any PIP benefits under Section 627.736. Count I is an action for declaratory relief under Chapter 86, Count II is an action for injunctive relief under Florida common law, and Count III is an action for damages for Progressive's unlawful reduction of the insured patient's coinsurance obligation based on Progressive's contractual promise to "be reasonable" for "any" unlawful reduction. These are not actions for PIP benefits under Section 627.736. As such, the pre-suit demand letter requirement does not apply. *See, Bristol West Ins. Co. v. MD Readers, Inc*., 52 So.3d 48, 51 (Fla. 4th DCA 2010); *New Hampshire Indem. Ins. Co. v.*

*Rural Metro Ambulance, a.a.o. William Zambonini*, 13 Fla. L. Weekly Supp. 573a (Fla. 18th Jud. Cir. Ct. App. Div. Nov. 18, 2005); *Acosta v. Mercury Ins. Co. of Florida*, 15 Fla. L. Weekly Supp. 868a (Fla. 9th Jud. Cir. Ct. App. Div. May 7, 2008). In *Bristol West, Zambonini*, and *Acosta*, the appellate courts held that the pre-suit demand letter requirements of the PIP statute do not apply to declaratory relief claims under Chapter 86. The same rationale applies to all other types of actions that do not seek PIP benefits under Section 627.736.

**Second,** the PIP statute does not limit the various different types of causes of action that can be brought against an insurance company. To the contrary, lawsuits for declaratory relief, injunctive relief, and for other types of insurance benefits that are not PIP benefits are frequently filed against insurers, and there is no statutory prohibition against doing so. Surely, the Legislature was aware of this when it expressly stated the pre-suit demand letter requirement only applies to "any action for benefits under this section." § 627.736(10), Fla. Stat.

**Third**, as a statute that limits access to the courts, Section 627.736(10) must be strictly construed in a manner that favors access to the courts as guaranteed by Article I, Section 21 of the Florida Constitution. *Florida Birth-Related Neurological Injury Compensation Ass'n v. Florida Div. of Administrative Hearings*, 948 So.2d 705, 722 (Fla. 2007); *Kukral v. Mekras*, 679 So.2d 278, 284 (Fla. 1996). Interpreting Section 627.736(10) to limit one's ability to file an action not mentioned in the PIP statute would unconstitutionally violate this principle.

**Fourth,** Section 627.736(10) must be strictly construed because it is in derogation of common law. *Ady v. American Honda Fin. Corp.,* 675 So.2d 577, 581 (Fla. 1996). Statutes in derogation of common law cannot make any alteration in the common law other than what is specified and plainly pronounced. *Slawson v. Fast Food Enterprises*, 671 So.2d 255, 257 (Fla. 4th DCA 1996); *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So.2d 362, 364 (Fla. 1977). At

common law, nothing required a plaintiff to give the defendant a demand letter before filing suit. Consequently, Section 627.736(10) must be strictly construed such that a pre-suit demand letter is only required to be submitted before "filing any action for benefits under [Section 627.736]" and the only type of "benefits" available under Section 627.736 are PIP benefits.

**Fifth**, specific to Plaintiff's claim for declaratory relief in Count I, the PIP statute's pre-suit demand letter requirement cannot possibly apply.[8] Chapter 86 does not impose a pre-suit notice requirement on actions for the declaratory relief requested here. To the contrary, an action for declaratory relief concerning a person's rights under a contract (such as an insurance policy) may be brought "either **before** or after there has been a breach of it." § 86.031, Fla. Stat. (emph. added). Moreover, "[a]ny declaratory judgment rendered pursuant to [Chapter 86] may be rendered **by way of anticipation with respect to any act not yet done or any event which has not yet happened**, and … shall have the same binding effect with respect to that **future act or event**, and the rights or liability to arise therefrom, as if that act or event had already been done or had already happened before the judgment was rendered." § 86.051, Fla. Stat. (emph. added). In contrast, Section 627.736(10) expressly states that a plaintiff pursuing an "action for benefits" under the PIP statute "may not" send a pre-suit demand letter "until the claim is overdue...." Because declaratory relief actions under Chapter 86 can be brought before a claim is overdue, Section 627.736(10) cannot possibly be intended to apply to Chapter 86 declaratory relief actions. Because Chapter 86 specifically governs declaratory relief actions, Chapter 86 (not the PIP statute) governs any conditions precedent for filing a declaratory relief action. *McKendry v. State*, 641 So.2d 45, 46

---

[8] Because the PIP statute does not expressly authorize claims for declaratory relief, the sole authority for such claims is Chapter 86. *See, e.g., Murthy v. N. Sinha Corp.*, 644 So.2d 983 (Fla. 1994) (statutes did not create private cause of action absent legislative intent to do so); *Villazon v. Prudential Health Care Plan, Inc.*, 843 So.2d 842 (Fla. 2003) (absent legislative intent to create a private right of action to enforce regulatory statutes, a private right of action is not implied).

(Fla.1994) (specific statute covering particular subject area controls over statute covering same and other subjects in more general terms).

**Sixth**, as to Count III for damages, Progressive acknowledges that claim only seeks "benefits under the policy." *See*, Motion to Dismiss at p. 21. Section 627.736(10) only requires a pre-suit demand letter before filing "an action for benefits under [Section 627.736]," and does not apply to an action for any other type of benefits provided under the same insurance policy but not Section 627.736, such as casualty coverage and uninsured motorist coverage.

**H.    This case does not involve claim splitting (*response to Section V*).**

In Section V of its motion, Progressive erroneously suggests that Plaintiff's claims are barred by Section 627.736(15), Florida Statutes, which states:

> (15)   ALL CLAIMS BROUGHT IN A SINGLE ACTION.—In any civil action **to recover personal injury protection benefits** brought by a claimant pursuant to this section against an insurer, **all claims related to the same health care provider for the same injured person shall be brought in one action**, unless good cause is shown why such claims should be brought separately. . . . (Emph. added).

Section 627.736(15) does not apply. Plaintiff is not seeking to recover PIP benefits in this action or in any other lawsuit "related to the same health care provider for the same injured person." Progressive does not identify any such other lawsuit because there are none.

Likewise, under the proposed class definition, none of the class members have filed such lawsuits either. As stated in Paragraph 55 of the Amended Complaint, this class action "exclude[es] any coinsurance or co-payment claims ... which ... (iii) are barred by operation of Section 627.736(15), Florida Statutes; and/or (iv) are the subject of pending litigation against the insured patient or the Insurance Company as of the date of any class certification order or other deadline established by the Court...." That is, the class is comprised solely of health care providers who are not litigating any PIP claims but have been underpaid due to Progressive's reduction of the insured

patient's coinsurance obligation in violation of Section 627.736(5)(a)1 and 4, for which Progressive has promised in its insurance policies to "be responsible."

## I.      An alleged adequate remedy at law does not defeat Plaintiff's declaratory and injunctive relief claims (*response to Section VI*).

With respect to Plaintiff's claim for declaratory relief in Count I, Section 86.111, Florida Statutes, states, "The existence of another adequate remedy ***does not*** preclude a judgment for declaratory relief." This same provision is in Federal Rule of Civil Procedure 57.[9] With respect to Count II for injunctive relief, Federal Rule of Civil Procedure 8(d)(3) authorizes a plaintiff to plead alternative theories of recovery including injunctive and declaratory relief even if a remedy at law is pled in another count. Therefore, Progressive's argument is without merit.[10]

Further, an award of damages for Progressive's past misconduct would not be an adequate remedy for Progressive's ongoing and continuing misconduct, and Plaintiff and the class members routinely treat Progressive's insureds. *See,* Am. Compl. at ¶26, 27, 53, and 79; Decl. of Michael D. Silver (Doc. 1-4) (declaring there are 10,000 affected providers involving more than 70,000 claims). Without a judicial declaration that Progressive's conduct is unlawful and an injunction requiring it to stop, Progressive will be able to continue inflicting the same harm to the same medical providers again and again. Therefore, damages are not an adequate remedy. Progressive's misconduct must also be declared unlawful and enjoined.

---

[9] Many state and federal decisions recognize this principle. *See, e.g., Sch. Bd. of Leon County v. Mitchell*, 346 So.2d 562, 564 (Fla. 1st DCA 1977); *Orange County v. Expedia, Inc*., 985 So.2d 622, 625 (Fla. 5th DCA 2008); *Turco v. Ironshore Ins. Co.*, 2018 WL 6181348, *2 (M.D. Fla. Nov. 27, 2018).

[10] Numerous courts have ruled against Progressive and its attorney (Marcy Levine Aldrich, Esquire) on these same arguments. *See, e.g., Coastal Wellness Centers, Inc. v. Progressive Am. Ins. Co.*, 309 F. Supp. 3d 1216, 1222 (S.D. Fla. 2018); *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, 2018 WL 3635091, *4 (M.D. Fla. June 25, 2018); *Plantation Spinal Care Ctr., Inc. v. Direct Gen. Ins. Co.*, 2018 WL 3109631, *5 (S.D. Fla. Apr. 3, 2018); *Coastal Wellness Centers, Inc. v. GEICO Gen. Ins. Co.*, 2018 WL 3089323, *5 (S.D. Fla. Apr. 3, 2018); *Gregory Haskin Chiropractic Clinics, Inc. v. USAA Cas. Ins. Co.*, 2018 WL 3089324, *5 (S.D. Fla. Apr. 6, 2018); *Green v. State Farm Mut. Auto. Ins. Co.*, 225 So.3d 229, 231 (Fla. 4th DCA 2017), *rev. den*., 2018 WL 3301494 (Fla. July 5, 2018); *Appel v. Liberty Am. Ins. Co.*, 2008 WL 11333591, *7-8 (S.D. Fla. Nov. 25, 2008).

**J.    Alternatively, Plaintiff should be granted an opportunity to amend**

Without conceding any of Progressive's arguments, if the Court is persuaded by any of them, Plaintiff requests an opportunity to amend the complaint under Federal Rule of Civil Procedure 15(a)(2). *See Thomas v. Town of Davie*, 847 F. 2d 771, 773 (11th Cir. 1988); *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Respectfully submitted,

/s/ *David M. Caldevilla*
David M. Caldevilla, FBN 654248
dcaldevilla@dgfirm.com
**de la PARTE & GILBERT, P.A.**
P.O. Box 2350
Tampa, FL 33601-2350
Telephone: (813) 229-2775
Facsimile: (813) 229-2712

J. Daniel Clark, FBN 0106471
dclark@clarkmartino.com
**CLARK ♦ MARTINO, P.A.**
3407 W. Kennedy Blvd.
Tampa, FL 33609
Telephone: (813) 879-0700
Facsimile: (813) 879-5498

Matthew A. Crist, FBN 0035539
cristm@cristlegal.com
**CRIST LEGAL | PA**
606 East Madison Street
Tampa, FL 33602
Telephone: (813) 575-5200
Facsimile: (813) 575-2520

**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** on September 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *David M. Caldevilla*　　　　　　　
David M. Caldevilla