**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN RE ORDER <u>IN JUDGE SCRIVEN'S CASES ONLY</u> :**

**CORONAVIRUS PUBLIC EMERGENCY**

Case No: 8:20-mc-21-T-35

**<u>ORDER CONCERNING JURY TRIALS AND OTHER PROCEEDINGS</u>**

As the Centers for Disease Control and Prevention (CDC) and other public health authorities have advised taking precautions to reduce exposure to the coronavirus and to slow the spread of COVID-19, and based on the current projections as to the trajectory of this virus if immediate measures are not undertaken, the Court issues this Order to protect public health, reduce the size of public gatherings, and prevent unnecessary travel. Should circumstances drastically change, the Court, on a joint motion of the Parties, may amend this Order in a specific case.

1. Effective immediately, all criminal and civil jury trials and hearings in **ANY CASES ASSIGNED TO JUDGE SCRIVEN** that are scheduled to begin or occur before May 29, 2020 are continued pending further order of the Court. The Court may issue other orders concerning future continuances as appropriate.

2. **ALL CIVIL CASES ASSIGNED TO JUDGE SCRIVEN and ALL deadlines associated with those cases** are **STAYED until May 29, 2020**. The Court will continue to resolve motions that are fully briefed and ripe for resolution. If a Case Management Report has been filed in a case but no Case Management Order has been entered by the Court, the Parties shall file an amended Case Management Report within fourteen (14) days of May 29, 2020 or within fourteen (14) days of any extended date that may be imposed by amendment of this Order. The Court may issue other orders concerning the extension of this **STAY** order as appropriate.

3. All trial-specific deadlines in criminal cases **ASSIGNED TO JUDGE SCRIVEN** that are scheduled to begin before May 29, 2020 are continued pending further order of the Court.

4. All sentencings that are set to occur before **JUDGE SCRIVEN** in this time period are also continued and will be reset by separate order. If, however, any Defendant is potentially subject to a time-served sentence and, thus, subject to immediate release, counsel may file a motion requesting that the sentencing be held. The Court will endeavor to accommodate that request to the extent practicable under the circumstances.

5. The time period of any continuance entered because of this Order is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court makes a specific finding that the ends of justice served by taking

    this drastic measure outweigh the interests of the parties and the public in a speedy trial. In particular, any jury trial would necessitate the convening of members of the public who may be carriers of the virus and may be unaware of it, they may be compelled to care for infirm family members, they may be undertaking the care of their children whose schools have been closed and they have all been strongly urged to stay sequestered at home unless an urgent need requires their travel. As such, convening a jury will be difficult if not impossible. Additionally, any such convening will require the Marshal's office to transport individuals to and from prisons, which would necessitate their being in direct physical contact with individual Defendants and incarcerated witnesses, any of whom (officers, or defendants or witnesses) could be infected, and it could cause the virus to be introduced into the courthouse and to counsel or court staff or transmitted and possibly introduced into a prison facility. Absent further order of the Court, the period of exclusion is from the date of this Order to May 29, 2020. The Court may extend the period of exclusion by separate Order.

6. The Court is cognizant of the right of criminal defendants to a speedy and public trial and the particular application and significance of that right in cases against defendants detained pending trial. Therefore, any criminal defendant seeking an exception to this Order to exercise that right during the continuance imposed by this Order should file a motion immediately.

7. If any hearing is required in a civil or criminal case due to exigent circumstances, the Parties are directed to file an appropriate motion after telephonic consultation. The Parties should include an appropriate telephone number at which they can be reached if it is any number other than the one previously set forth on the record of the case. Any hearing that is ordered will be held by telephone.

8. Essential criminal matters on **JUDGE SCRIVEN'S DOCKET** that are conducted before Magistrate Judges, such as initial appearances/first arraignments, detention hearings, and search-warrant requests, shall continue to take place in the ordinary course and at the discretion of the Magistrate Judge as required by and consistent with law. Re-arraignments/Plea hearings are hereby continued consistent with the foregoing. All available means to ensure the safety of the parties and participants in any essential proceedings will be undertaken. In this regard, at the direction of Chief Judge Merryday, flyers and signs have been posted at the entrance to the courthouse advising those who are sick, have recently traveled to certain destinations, or have been exposed to the virus that they may not enter the courthouse and providing contact information to advise that their entry has been refused.

9. **The CLERK is directed to enter this Order in all civil and criminal cases assigned to Judge Scriven.**

10. If any Party seeks clarification of any aspect of this Order, they must file a written motion for clarification.

**ORDERED** in Chambers in Tampa, Florida, on March 19, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
All Parties of Record and their counsel
Hon. Steven Merryday, Chief Judge
Hon. Anthony Porcelli
James T. Skuthan, Acting Federal Defender
Maria Chapa Lopez, United States Attorney
Elizabeth M. Warren, Clerk of Court
Keshia Jones, Tampa Division Manager
Lilliam M. DeJesus, Jury Clerk Tampa Division