# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CLEARVIEW IMAGING, LLC d/b/a
CLEARVIEW OPEN MRI,

       Plaintiff,

v.

PROGRESSIVE AMERICAN INSURANCE
COMPANY and PROGRESSIVE SELECT
INSURANCE COMPANY,

       Defendants.

_____/

CASE NO.: 8:19-cv-1299-MSS-CPT
CASE NO.: 8:19-cv-1881-MSS-AEP
(Consolidated)

## DEFENDANTS' MOTION TO COMPEL BETTER RESPONSES TO THEIR WRITTEN DISCOVERY REQUESTS SERVED ON 10/18/19 AND 11/4/19

Pursuant to Fed. R. Civ. P. 33, 34, 36, and 37, Local Rule 3.04, and the Handbook, Middle District Discovery (2015) at 22, Defendants Progressive American Ins. Co. ("American") and Progressive Select Ins. Co. ("Select"), move this Court to compel Plaintiff Clearview Imaging, LLC ("Clearview") to provide better responses to Defendants' discovery requests.

By this consolidated action, Clearview (a provider of magnetic resonance imaging ("MRI") services) seeks to inflate the co-payments paid by its patients on medical bills. Clearview allegedly performed MRIs on six patients (the "Patients") insured by Select or American.[1] Clearview concedes that Defendants are entitled to reduce the billed amount of

---

[1]     (ECF No. 19 at ¶¶ 28-30, 36-38, 44-46 and ECF No. 42 at ¶¶ 27-29, 35-37, 43-45). The Patients are identified by their initials. The Patients insured by American are YGM, DSN, and YCA. The Patients insured by Select are SG, LP, and LC. Clearview alleges standing to sue based on assignments of PIP benefits executed by these Patients. (ECF No. 19 at ¶¶ 31, 39, 47; ECF Nos. 19-3, 19-5, 19-7; and ECF No. 42 at ¶¶ 30, 38, 46; ECF Nos. 42-2, 42-5, 42-8).

Clearview's charges on the 80% of bills covered by the Patients' auto insurance policies based by applying the schedule of maximum charges in the Florida No-Fault ("PIP") Statute, Fla. Stat. § 627.736(5)(a)1.a.-f. (the "PIP Schedule"). But it argues that its Patients are not entitled to a similar reduction on the remaining 20% of the bills attributable to their co-payments.

Defendants have moved to dismiss these actions in their entirety. (ECF Nos. 27, 43, 50). As detailed in the pending motions to dismiss, this suit is meritless. Clearview attempts to sue Defendants for *non-covered* co-payment amounts. Any attempt to address or collect such extra-contractual payments must be directed at the Patients (and not Defendants). Alternatively, the Patients are necessary parties to any litigation over their co-payments. Clearview's theory as to why it may recover the co-payments from the Defendants is inconsistent with the language of the applicable policies, the Florida PIP Statute, precedent, and common sense. Clearview also fails to allege compliance with the PIP Statute's demand requirement (Fla. Stat. § 627.736(10)), urges the Court to allow improper claim splitting in violation of Fla. Stat. § 627.736(15), improperly seeks relief under the Florida Declaratory Judgment Act, and improperly seeks declaratory/injunctive relief when it has an available remedy at law. While the Parties await the Court's ruling on the motions to dismiss, they have commenced discovery consistent with the schedule in effect in this Action. To that end, this Motion addresses Clearview's deficient responses to Defendants' first set of interrogatories ("ROGs"), requests for admissions ("RFAs"), and requests for production ("RFPs"). These abbreviations are being used for the sake of brevity herein.

2

## RELEVANT BACKGROUND

1.     On October 18, 2019, American served its first ROGs, RFPs, and RFAs on Clearview. (**Exhibits 1-3**, collectively the "American Discovery"). By agreement, the deadline for Clearview's responses to the American Discovery was extended from November 18, 2019 to January 8, 2020.

2.     On November 4, 2019, Select served its first ROGs, RFPs, and RFAs on Clearview. (**Exhibits 4-6**, collectively the "Select Discovery"). Clearview's responses to the Select Discovery were due on December 4, 2019. Clearview did not obtain any extension to respond to the Select Discovery.

3.     Clearview served the following responses:

| Discovery Response | Requests Served | Responses Due | Initial Responses Served | Amended Responses Served |
|---|---|---|---|---|
| Plaintiff's Answers to American's ROGs | 10/18/19 | 1/8/20 | 1/2/20 | 3/19/20 (verification served 4/16/20) |
| Plaintiff's Response to American's RFPs | 10/18/19 | 1/8/20 | 1/2/20 (with documents Clearview0001–0141) | 3/19/20 (with documents Clearview0207-0209) |
| Plaintiff's Response to American's RFAs | 10/18/19 | 1/8/20 | 1/2/20 | 3/18/20 |
| Plaintiff's Answers to Select's ROGs | 11/4/19 | 12/4/19 | 1/3/20 | 3/19/20 (verification served 4/16/20) |
| Plaintiff's Response to Select's RFPs | 11/4/19 | 12/4/19 | 1/6/20 (with documents Clearview0142–206) | 3/19/20 (with documents Clearview0207-0209) |
| Plaintiff's Responses to Select's RFAs | 11/4/19 | 12/4/19 | 1/3/20 | 3/18/20 |

4.     Clearview's initial discovery responses contained numerous improper objections and other deficiencies interposed in response to particular requests.

5.     All of Clearview's responses to the Select Discovery were untimely. They were due on December 4, 2019; but not served until early January 2020. Accordingly, all objections other than privilege should be deemed waived.

6.     The responses for both the American and Select ROGs were served without a verification by Clearview.

7.     Clearview did not serve a privilege log despite lodging privilege objections.

8.     Defendants commenced an effort to confer with Clearview about these deficiencies on January 13, 2020. The Parties had an hour-plus meet-and-confer call on January 22, 2020 and additional repeated efforts to follow up. During the conferral process, Defendants repeatedly asked Clearview to state a position on whether it would provide *any* better responses.

9.     On February 7, 2020, Clearview's counsel stated: "We cannot give you a request-by-request confirmation at this time because that is what we are working on, going through each request and seeing what is and what is not available." (*See* Email from Clearview counsel dated February 7, 2020, **Exhibit 7**). But "going through each request" with a client is an obligation that should have been undertaken *before* responding to the discovery. *See* Middle District Discovery (2015) (the "Handbook") at 11-12.[2]

10.     It was not until February 18, 2020 that Clearview said it would "amend" its responses to virtually all of the discovery responses at-issue. (*See* Email from Clearview counsel dated February 18, 2020, **Exhibit 8**). Clearview also said, with regard to several

---

[2]     While the Handbook "is neither substantive law nor inflexible rule; it is an expression of generally acceptable discovery practice in the Middle District," and "[j]udges and attorneys practicing in the Middle District should regard the handbook as highly persuasive in addressing discovery issues." *Id.* at 1; *see also Dragon Jade Int'l, Ltd. v. Ultroid, LLC*, No. 8:17-cv-2422-T-27CPT, 2019 WL 5887171, at *4 (M.D. Fla. Nov. 12, 2019) ("[T]he Court considers [the Handbook] to be 'highly persuasive in addressing discovery issues.'").

requests, that it was "gathering responsive documents." (*Id.*). Defendants agreed to provide Clearview until March 19, 2020 to provide amended responses. By that deadline, Clearview said that it would "produce whatever [it] has responsive to all of [the] discovery" and would "not [be] standing on [its] earlier objections." (*See* Email from Clearview counsel dated February 20, 2020, **Exhibit 9**).

11.    On March 18 and 19, 2020, Clearview served "amended" responses to the American Discovery (**Exhibits 10-12**) and the Select Discovery (**Exhibits 13-15**), as well as a privilege log. (**Exhibit 16**).

12.    Despite promising to "amend" its responses, there are still a number of issues that the amended responses did not address. For example, the "amended" responses for both the American and Select ROGs – like the originals – were served without a verification by Clearview.[3] And many of the responses retain the original objection, verbatim, only to "amend" by improperly responding "notwithstanding" the objection(s).

13.    To address the remaining deficiencies in Plaintiff's amended responses, Defendants sent another meet-and-confer letter on March 24, 2020, reminding Clearview of its promise to provide proper responses; Clearview has refused. (Letter dated March 24, 2020, **Exhibit 17**). This letter provided Plaintiff with a deadline of March 31, 2020. When that deadline passed without Defendants receiving better responses, Defendants tried one last time to obtain better responses, with a deadline of April 10, 2020. That deadline also passed without any agreement by Plaintiff to correct the deficiencies noted in Clearview's March 24, 2020 letter.

---

[3]    Ultimately, on April 16, 2020, Clearview served verification pages for the ROGs.

14. Defendants respectfully request that this Court compel Clearview to fully, completely, and properly respond to the American Discovery and Select Discovery as set forth herein.

15. For this Court's convenience and brevity, where the requests (and "amended" responses thereto) are identical but for the name of the Defendant, consistent with Local Rule 3.04(a), Defendants will set forth both requests as one request, but identifying the Defendant as "American/Select" to clarify that the same request was served by both Defendants. And given the fact that many of Clearview's "amended" responses are simply appended to the original responses, the "amended" portions are underlined.

16. During the course of the meet-and-confer efforts, Defendants repeatedly advised Clearview's counsel that Defendants were willing to discuss negotiating the scope of a particular response or document production to the extent that Plaintiff contended that a particular request was too onerous or broad in scope.

## **ARGUMENT**

### I. **Clearview's Boilerplate Objections Should Be Overruled or Deemed Waived**

Clearview's repetitive and improper "boilerplate objections" (*see, e.g.,* its responses to American RFP 26, American ROG No. 10, Select RFP 30, Select ROG No. 5) should be overruled. *See, e.g.*, *Hands on Chiro. PL v. Progressive Select Ins. Co.*, No. 6:18-cv-192-Orl-37DCI, 2018 WL 6983622, at *2 (M.D. Fla. Nov. 20, 2018); ("[G]eneral, non-specific boilerplate objections . . . are without merit in this Court."); *Asphalt Paving Sys., Inc. v. Gen. Combustion Corp.*, No. 6:15-cv-49-Orl-41TBS, 2016 WL 3167712, at *2 (M.D. Fla. June 7,

2016) ("The Court does not consider . . . boilerplate objections."). Accordingly, this Court should overrule all such improper boilerplate objections.

In *Hands On*, 2018 WL 6983622, the court considered extremely similar RFPs and ROGs propounded by Select in a similar PIP medical billing dispute – and compelled the production of most of the requested discovery.[4] The court also noted that, even with regard to those limited requests where Select's motion to compel was denied, that the plaintiff had an obligation to "provide responsive documents to these requests to the extent that a narrower version of the requests would not be objectionable." *Id.* at *3; Handbook at 12.

Alternatively, these objections are waived because Clearview responded "notwithstanding" the objections. *See, e.g.*, *Jabil Inc. v. Essentium, Inc.*, No. 8:19-cv-1567-T-23SPF, 2020 WL 708140, at *2 (M.D. Fla. Feb. 12, 2020) ("An answer that is made subject to, notwithstanding, or without waiving an objection preserves nothing and wastes the time and resources of the parties and the court.") (internal citations omitted); *Hands On*, 2018 WL 6983622, at *7 (same); *Martin v. Zale Del., Inc.*, No. 8:08-cv-47-T-27EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008) (same).[5]

---

[4]     For context, the ROGs, RFPs, and RFAs in *Hands On* are attached as **Composite Exhibit 18**.

[5]     In response to American RFPs 28, 29, 30, 41, 43, and 45, Select RFPs 32, 33, 34, 45, 47, and 49, and American ROG Nos. 5, 6, and 7, Clearview's amended response, after the lengthy meet-and-confer process and while still maintaining its objections, was that it had no responsive documents or information.

## II. Clearview's Non-Privilege Objections to Select's ROGs And RFPs Should Be Overruled and the RFAs Should Be Deemed Admitted Because of Clearview's Untimely Responses

Because its initial responses to the Select Discovery were untimely, all of Clearview's non-privileged objections to Select's ROGs and RFPs are waived.[6] *See* Handbook at 12 (RFPs), 16 (ROGs); *see also Morock v. Chautauqua Airlines, Inc.*, No. 8:07-cv-210-T-17-MAP, 2007 WL 4247767, at *1 (M.D. Fla. Dec. 3, 2007) ("Because of the Defendant's failure to make timely objections to the discovery, the Defendant's objections are waived."). In addition, the Select RFAs are admitted. *See McFadden v. Fla. Foreclosure Attorneys, PLLC*, No. 8:13-cv-2501-T-35EAJ, 2014 WL 12625109, at *1 (M.D. Fla. Sept. 2, 2014) (Scriven, J.) (Fed. R. Civ. P. 36(a) "is self-executing. This means that no court intervention is necessary for an admission to be established, and failure to timely respond results in the admission of the matters raised in a request for admissions."). Accordingly, this Court should: (1) overrule all non-privileged objections by Clearview to the Select ROGs and RFPs; and (2) deem the Select RFAs to be admitted.

## III. Defendants Are Entitled To Discovery Regarding Clearview and the Underlying PIP Claims

Clearview brings this case challenging Defendants' application of the PIP Schedule to co-payment amounts associated with its treatment of the Patients insured by Defendants (ECF No. 19 at ¶¶ 28-30, 36-38, 44-46; ECF No. 42 at ¶¶ 27-29, 35-37, 43-45):

---

[6]     In its March 24, 2020 letter, Defendants reminded Clearview of its position vis-à-vis the untimeliness of the original responses.

| Patients Insured by American[7] | | | |
|---|---|---|---|
| Patient/Insured | YGM | DSN | YCA |
| Accident Date | 8/15/18 | 8/27/18 | 7/14/18 |
| Applicable Policy Form | 2013 Form | 2017 Form | 2013 Form |
| Date of MRI Services | 11/8/18 | 9/24/18 | 8/17/18 |

| Patients Insured by Select | | | |
|---|---|---|---|
| Patient/Insured | SG | LP | LC |
| Accident Date | 5/19/18 | 7/11/18 | 9/14/18 |
| Applicable Policy Form | 2013 Form | 2017 Form | 2017 Form |
| Date of MRI Services | 8/8/18 | 9/25/18 | 12/3/18 |

Clearview alleges standing based on assignments from these Patients. Much of the requested discovery concerns the underlying claims specifically identified in the complaints. In addition, much of Defendants' discovery seeks information regarding Clearview – the putative class representative. This discovery is directed to determining Clearview's standing and adequacy, to the typicality and commonality of the class member claims (including the six identified claims and others), and to the propriety of litigating this Action on a class basis.

In *Ocean Harbor Cas. Ins. v. MSPA Claims, 1*, 261 So. 3d 637, 648 (Fla. 3d DCA 2018), the court confirmed that "[i]n its no-fault law, Florida has gone to great lengths to craft a statutory structure that protects both the insured and insurer in a process that promotes accurate and expedited payments of medical bills . . ." As the Court observed, that structure necessitated consideration of a whole variety of issues – on an individual PIP claim by individual PIP claim basis. *See generally DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, 271 F.R.D. 676 (S.D. Fla. 2010), *aff'd,* 469 F. App'x 762 (11th Cir. 2011); *IDS Prop. Cas. Ins. Co. v. MSPA Claims 1, LLC*, 263 So. 3d 122, 124-25 (Fla. 3d DCA 2018) (same). For example: (a) whether a medical bill is reasonable and/or medically necessary; (b) whether

---

[7]     In all prior papers, Clearview referred to patients YGM and YCA, but in its "amended" responses, it refers to them as YG and YC. For the sake of continuity, Defendants retain the original abbreviations.

particular medical services are excluded from coverage; (c) whether there has been compliance with proof of loss requirements; and (d) whether bills have been properly submitted on certain forms with the required attestations. As the court observed, a PIP plaintiff has the burden to prove that the insurer "was required to pay each particular bill" and the insurer will be "entitled to raise any appropriate defense under the statute and the policies."[8] *Ocean Harbor*, 261 So. 3d at 648.

It is well-established that an insurer may raise these issues as to the reasonableness, medical necessity, and propriety of PIP treatment and medical billing at any time – ***even after payment in whole or in part***. Fla. Stat. § 627.736(4)(b); *Coastal Neurology, Inc. v. State Farm Mut. Auto. Ins. Co.*, 458 F. App'x 793, 795 (11th Cir. 2012); *All Family Clinic of Daytona Beach Inc. v. State Farm Mut. Auto. Ins. Co.*, 280 F.R.D. 688, 692 (S.D. Fla. 2012) (same); *Progressive Select Ins. Co. v. Emerg. Physicians of Cent. Fla., LLP*, 202 So. 3d 437, 438 (Fla. 5th DCA 2016) (quashing order prohibiting insurer from engaging in discovery and contesting the reasonableness of PIP bill); *United Auto. Ins. Co. v. Millennium Diag. Imaging Ctr.*, 12 So. 3d 242, 246 (Fla. 3d DCA 2009).

Defendants are entitled to discovery: (i) of Clearview's underlying PIP claims and Clearview's PIP billing practices – to determine if services rendered to its patients were reasonable, medically necessary, lawfully rendered, and otherwise met all the requirements of the PIP Statute and the applicable policies; (ii) to determine whether Clearview will be

---

[8]    *See Derius v. Allstate Indem. Co.*, 723 So. 2d 271, 272 (Fla. 4th DCA 1998) ("In a lawsuit seeking benefits under the statute, both reasonableness and necessity are essential elements of a plaintiff's case. There is nothing in the PIP statute suggesting a legislative intent to alter the normal dynamics of a lawsuit by placing the burden on the defendant in a PIP case to prove that a proposed charge was unreasonable or that a given service was not necessary."); *see also Northwoods Sports Med. & Physical Rehab., Inc. v. State Farm Mut. Auto. Ins. Co.*, 137 So. 3d 1049, 1057 (Fla. 4th DCA 2014); Fla. Standard Jury Inst. (Civil) 413.4 & 413.5.

able to meet its burden that such issues can be resolved on a class action basis; and (iii) to aid in uncovering defenses to class certification and/or the merits.

## IV.  Defendants are Entitled to Discovery of Clearview's Medical Billing

Defendants are entitled to take discovery to determine the reasonableness, medical necessity, and validity of implicated PIP bills for insured patients *and* in defending against the merits and class certification. For example, Defendants seek discovery of Clearview's billing practices to discover how they are handling similar issues with other payors, whether the pricing of the bills is reasonable related to payors other than Defendants, whether billing issues raised by this Action can be handled on a class-wide basis, etc. For example, the following requests are in dispute:

### American RFP 37/Select RFP 41:
All contract documents between You and any payors (including, but not limited to, automobile insurers, health insurers, disability insurers, HMOs, PPOs, Medicare, Medicaid, or others).

AMENDED RESPONSE: Objection, Defendant's request is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Whether Plaintiff has the requested "contract documents" is irrelevant to whether Plaintiff has satisfied the requirements under Federal Rule of Civil Procedure 23 or Plaintiff's allegations that Defendant has unlawfully reduced its insureds' coinsurance or copayment amounts under the PIP Statute and *Progressive Select Ins. Co. v. Florida Hosp. Med. Cntr.*, 260 So. 3d 219 (Fla. 2018). Further, because the request for "contract documents" does not describe the documents it seeks with "reasonable particularity," *see* Fed. R. Civ. P. 34(b)(1)(A), Plaintiff cannot respond. Plaintiff objects to producing its agreements for the reasons stated above and because they contain confidential and/or trade secret information. *See* Privilege Log.

### American RFP 40/Select RFP 44:
All documents identifying the billing software or other systems (including any internet or cloud based systems) that You have used during the relevant time period (including any data dictionaries, field codes, formulas (including algorithms)) to generate or assist in Your billing of medical services to payors, including without limitation, auto insurers, health insurers, preferred provider organizations (PPOs), health maintenance organizations (HMOs), Medicare, Medicaid and/or other payors.

52575178;5

AMENDED RESPONSE: Objection, Defendant's request is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The production of "documents identifying the billing software of other systems" Plaintiff has used is irrelevant to whether Plaintiff has satisfied the requirements under Federal Rule of Civil Procedure 23 or Plaintiff's allegations that Defendant has unlawfully reduced its insureds' coinsurance or copayment amounts under the PIP Statute and *Progressive Select Ins. Co. v. Florida Hosp. Med. Cntr.*, 260 So. 3d 219 (Fla. 2018). Further, because the request for "documents identifying the billing software or other systems" does not describe the documents it seeks with "reasonable particularity," *see* Fed. R. Civ. P. 34(b)(1)(A), Plaintiff cannot respond. Plaintiff objects to producing its agreements for the reasons stated above and because they contain confidential and/or trade secret information. *See* Privilege Log. No other documents in Plaintiff's possession.

### American RFP 42/Select RFP 46:

Documents identifying the software or systems (including any internet or cloud based systems) that You used during the relevant time period for the purpose of preparing and maintaining EHRs, EMRs or any other medical records (including any data dictionaries and field codes).

AMENDED RESPONSE: Objection, Defendant's request is overbroad, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The production of documents "identifying the software or system" Plaintiff has used to prepare medical records is irrelevant to whether Plaintiff has satisfied the requirements under Federal Rule of Civil Procedure 23 or Plaintiff's allegations that Defendant has unlawfully reduced its insureds' coinsurance or copayment amounts under the PIP Statute and *Progressive Select Ins. Co. v. Florida Hosp. Med. Cntr.*, 260 So. 3d 219 (Fla. 2018). Further, because the request for "[d]ocuments identifying the software or systems" used to prepare medical records does not describe the documents it seeks with "reasonable particularity," *see* Fed. R. Civ. P. 34(b)(1)(A), Plaintiff cannot respond. Plaintiff objects to producing its agreement for the reasons stated above and because it contains confidential and/or trade secret information. *See* Privilege Log. No other documents in Plaintiff's possession.

### American ROG No. 14:

Identify all payors and managed care plans (including, but not limited to, automobile insurers, health insurers, disability insurers, HMOs, PPOs, Medicare, Medicaid, or others) with whom You have had agreements or contracts.

AMENDED RESPONSE: Objection, Defendant's request is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The identities of all "payors and managed care plans" that Plaintiff has agreements or contracts with is irrelevant to whether Plaintiff has satisfied the requirements under Federal Rule of Civil Procedure 23 or Plaintiff's allegations that Defendant has

unlawfully reduced its insureds' coinsurance or copayment amounts under the PIP Statute and *Progressive Select Ins. Co. v. Florida Hosp. Med. Cntr.*, 260 So. 3d 219 (Fla. 2018). Notwithstanding these objections, pursuant to Florida [sic] Rule of Civil Procedure 33(d), see documents produced in response to Request No. 37 of Defendant's First Request for Production.

**American ROG No. 17:**
If You have used any third party vendors to do or assist in Your billing, identify all such vendors, including, the vendor's full name, address and the name(s) of the persons at the vendor who are the contact person(s) for Your account(s).

AMENDED RESPONSE: Objection, Defendant's request is overbroad, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Whether Plaintiff has used "any third party vendors" for medical billing is irrelevant to whether Plaintiff has satisfied the requirements under Federal Rule of Civil Procedure 23 or Plaintiff's allegations that Defendant has unlawfully reduced its insureds' coinsurance or copayment amounts under the PIP Statute and *Progressive Select Ins. Co. v. Florida Hosp. Med. Cntr.*, 260 So. 3d 219 (Fla. 2018). Notwithstanding these objections, Plaintiff uses ICON for PIP billing.

**ARGUMENT:** Clearview's responses almost uniformly share a common and inappropriate boilerplate objection – that the requested information is:

> irrelevant to whether Plaintiff has satisfied the requirements under Federal Rule of Civil Procedure 23 or Plaintiff's allegations that Defendant has unlawfully reduced its insureds' coinsurance or copayment amounts under the PIP Statute and *Progressive Select Ins. Co. v. Florida Hosp. Med. Cntr.*, 260 So. 3d 219 (Fla. 2018).

While Clearview may have a narrow view of the scope of this case – *i.e.*, whether *Defendants* have acted unlawfully in applying the PIP Schedule to co-payment amounts –Defendants do not share that view. Clearview urges the Court to consider its narrow legal issue in a vacuum – divorced entirely from Clearview's indisputable burden to prove that its bills were lawfully rendered, medically necessary, properly billed, and reasonably priced. And divorced entirely from issues of whether this Action is appropriate for class action treatment.

52575178;5

In addition to standing on its objections (something it said it would not do), Clearview's *amended* responses raise, *for the first time*, objections based on "confidential and/or trade secret." These meritless objections have been waived because they were not timely raised in Clearview's *original* responses. *See, e.g.*, Handbook at 12, 16. In addition, Clearview has not shown "good cause" to prevent discovery of this unquestionably relevant information. *See Hands On*, 2018 WL 6983622, at *4 ("when the trade secret privilege is asserted, the party resisting discovery has the burden to show 'good cause' for protecting discovery by showing that the information sought is a trade secret and that disclosure may be harmful."). Finally, there is a Stipulated Confidentiality Agreement in place in this case to protect against public disclosure of such confidential and/or trade secret information. Indeed, Defendants have produced confidential and/or trade secret information themselves pursuant to this Agreement. Plaintiff's meritless objections should be overruled or deemed waived.

In *Hands On*, 2018 WL 6983622, at *2, the medical provider plaintiff tried to limit discovery based on an equally self-serving theory, but the court rejected that attempt. *Id.* (rejecting argument that the requested discovery was irrelevant because plaintiff was "merely" asking the court to interpret a Florida statute: "[E]ven to the extent that Plaintiff's objection that the action solely seeks an interpretation of a specific statute is arguably not boilerplate, the Court finds that the objection is either inapplicable to the foregoing discovery requests or is due to be overruled as the requests are relevant to the issues of class certification.").

Select sought functionally identical billing practices discovery in *Hands On*. (*See, e.g.*, Ex. 17 at RFPs 43, 46, and 49). And the *Hands On* court compelled production of that

discovery. 2018 WL 6983622, at *2, *4. Here, Clearview does not object to the burdensomeness of the requested discovery[9] – just its relevance or the specificity of its wording. *See also Kernan v. Lowe's Home Centers, LLC*, No. 3:14-cv-1483-J-32JBT, 2015 WL 12852963, at *2 (M.D. Fla. Aug. 13, 2015) (overruling boilerplate objections and ordering party to "respond to the subject discovery, without objections"); *Aldora Aluminum & Glass Prod., Inc. v. Poma Glass & Specialty Windows, Inc.*, No. 3:14-cv-1402-J-34JBT, 2015 WL 13735508, at *3 (M.D. Fla. July 14, 2015) (overruling relevance objections and ordering party to "respond fully and completely, and without objection"). Likewise, the *Hands On* court required a response to a ROG virtually identical to American ROG No. 14 (*Id.* at *2; *see also* Ex. 17 at ROG No. 17). The specificity of the wording is sufficient; and is basically the same wording as the discovery compelled in *Hands On*. And the "amended" response to ROG No. 17 – that it "uses ICON for PIP billing" – is facially incomplete.

The requested billing discovery is entirely relevant to issues of standing, adequacy, commonality, typicality, ascertainability, and predominance.[10] As the court observed in *Ocean Harbor*, questions of the lawfulness, reasonableness, and propriety of a PIP provider's billing must be considered in a PIP class action dispute. *Ocean Harbor*, 261 So. 3d at 648. The requested information about Clearview's contracts and billing with other payors goes directly to the reasonableness of their pricing of such bills to Defendants. Defendants are entitled to information regarding Clearview's billing and reimbursements in order to contest

---

[9] Therefore, any burdensomeness objections are waived. Handbook at 12 ("Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel.").

[10] Clearview itself has been compelled to provide pricing information in another PIP billing class action that it prosecuted. *See* Order in *Clear-View Open MRI v. State Farm Fire & Cas. Co.*, Case No. 09-CA-10949 (H) (Fla. 13th Jud'l Cir. July 15, 2011) (**Exhibit 19**).

the reasonableness of its charges. *See, e.g.*, *Allstate Ins. Co. v. Holy Cross Hosp., Inc.*, 961 So. 2d 328, 335 (Fla. 2007) ("What a provider customarily charges or has previously accepted are important factors for determining whether a fee is reasonable."); *Shands Jacksonville Med. Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 213 So. 3d 372, 376 (Fla. 1st DCA 2015), *approved*, 210 So. 3d 1224 (Fla. 2017) ("negotiated reimbursement rates . . . . may very well be relevant and discoverable in the context of litigation over the issue of reasonableness of charges instituted pursuant to [Fla. Stat. § 627.736(5)(a)]"); *Columbia Hosp. Ltd. P'ship v. Hasson*, 33 So. 3d 148, 150 (Fla. 4th DCA 2010) (concluding amount hospital accepted as payment from other sources for the same treatment was relevant in determining reasonableness of charged amount); *Giacalone v. Helen Ellis Mem'l Hosp. Found.*, 8 So. 3d 1232, 1235-36 (Fla. 2d DCA 2009) (quashing order denying discovery of hospital's arrangements with other payors); *Herrera v. JFK Med. Ctr. Ltd. P'Ship*, 2017 WL 397590, at *3 (M.D. Fla. Jan. 30, 2017) (compelling production of hospital pricing in PIP class action); *Progressive Select Ins. Co. v. Emerg. Physicians of Cent. Fla., LLP*, 202 So. 3d 437, 438 (Fla. 5th DCA 2016) (quashing order prohibiting insurer from engaging in discovery and contesting the reasonableness of PIP bill); *Northwoods*, 137 So. 3d at 1057; *United Auto. Ins. Co. v. Millennium Diag. Imaging Ctr.*, 12 So. 3d 242, 246 (Fla. 3d DCA 2009).

Indeed, the PIP Statute itself (Fla. Stat. § 627.736(5)(a)) contemplates such discovery (emphases added):

> A physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance **may charge the insurer and injured party only a reasonable amount** pursuant to this section for the services and supplies

rendered. . . However, **such a charge may not exceed the amount the person or institution customarily charges** for like services or supplies. In determining whether a charge for a particular service, treatment, or otherwise is reasonable, **consideration may be given to evidence of usual and customary charges and payments accepted by the provider involved in the dispute**, reimbursement levels in the community and various federal and state medical fee schedules applicable to motor vehicle and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service, treatment, or supply.

The *Fla. Hosp.* case cited in the objections – *Progressive Select Ins. Co. v. Fla. Hosp. Med. Cntr.*, 260 So. 3d 219 (Fla. 2018) – is entirely inapposite to this dispute. It is not a decision in a discovery dispute or even in a class action case. And it addresses entirely different issues (in a different context) than the instant case. First, *Fla. Hosp.* addressed the application of the PIP Schedule to bills affected by an insured's PIP *deductible* – not an insured's co-payment. *Id.* at 220. Second, the dispute concerned the payment of the *80% of PIP benefits covered by the insurer*; and not amounts payable by the *patients* (unlike this Action). Because the insurer had erroneously assumed that the Schedule should be applied to calculate the amount of benefits covered by the insured's PIP deductible prior to accessing insurance (the first $1,000 in medical bills), the insurer had wrongly attributed the amounts covered by the deductible before *calculating its own obligations* as to the payment of the 80% covered by the policy. 260 So. 3d at 221, 224. By contrast, this Action does not challenge Defendants' calculation of their own obligations as to the 80% covered by the Policies. It challenges payment for the 20% co-payments not covered by the Policies.

Third, the *Fla. Hosp.* case addressed the interplay between the PIP Statute and a statute specifically addressing PIP deductibles. Fla. Stat. § 627.739 (the "Deductible Statute") provides that a deductible "be subtracted from '100 percent' of expenses and

losses" (*i.e.*, without PIP Schedule reductions) *before* an insurer calculates the amount covered by PIP benefits under the policy. 260 So. 3d at 226. That statute has no application to an insured's co-payments and no application to this case. The "100%" mandate in the Deductible Statute applies only to deductibles. By contrast, the PIP Statute itself includes a specific provision that governs an insured's co-payments – § 627.736(5)(a)4. And that provision – unlike the Deductible Statute – specifically forbids balance billing patients for Schedule reductions.

Finally, the requested discovery is also germane to the issue of Clearview's compliance with Fla. Stat. § 817.234(7)(a), that makes it incumbent on medical providers like Clearview to collect co-payments from patients:

> It shall constitute a material omission and insurance fraud, punishable as provided in subsection (11), for any service provider, other than a hospital, to engage in a general business practice of billing amounts as its usual and customary charge, if such provider has agreed with the insured or intends to waive deductibles or copayments, or does not for any other reason intend to collect the total amount of such charge. . . .

## V.     Defendants are Entitled to Discovery About Clearview's Adequacy and the Origin of its Involvement in this Litigation

The following ROG seeks information about Clearview's role as the putative class representative plaintiff:

**American ROG No. 10/Select ROG No. 5:**
Describe how You came to employ Clark & Martino, P.A., de la Parte & Gilbert, P.A., Crist Legal, P.A., or any other attorneys that represent You in this action. Your answer should include how You became aware of each firm, the date when You employed each firm, the identity of the attorney(s) at each firm with whom You first spoke regarding this action and any prior or current relationship between You and any of the attorneys at each firm. If You had or have a personal, business or consulting relationship with any of the attorneys at these firms, please describe: the nature of Your relationship, the dates that Your relationship encompassed, and if the relationship involved a legal matter, the identity of the legal matter involved (e.g., the name and

number of the case or claim). If You responded to an advertisement, please state as much and provide a copy of the advertisement.

<u>AMENDED</u> RESPONSE: Objection, Defendant's request is vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and appears to seek information protected by the attorney-client privilege. <u>These objections notwithstanding, *see* Privilege Log.</u>

**ARGUMENT:** Clearview must prove its adequacy as class representative plaintiff – including whether it has interests antagonistic to the rest of the class. *See, e.g.*, *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253-54 (11th Cir. 2003) (putative class plaintiff not entitled to presumption of adequacy; courts must "undertake a stringent and continuing examination of the adequacy of representation by the named class representative").

Information relating to Clearview's "prior or current relationship" with its counsel is relevant to adequacy. *See, e.g.*, *Marotto v. Kellogg Co.*, 2020 WL 509035, at *3 n.4 (S.D.N.Y. Jan. 31, 2020) (putative class representative, as spouse of class counsel, susceptible to adequacy challenge relating to motivation for bringing suit).

As to the privilege "objection," "[a] party who responds to or objects to discovery requests and who withholds information otherwise discoverable, asserting that the information is privileged . . . , must assert the claim expressly and must describe the nature of the documents, communications, or things not produced or disclosed." Handbook at 20. As Clearview has failed to provide the required description, and because the ROG seeks certain information that is clearly not privileged (such as names of attorneys), it should provide a better response. In *Hands On*, Select served a functionally identical ROG (*see* Ex. 17 at ROG No. 10), and the court advised that plaintiff of its burden to justify its privilege objection. *Hands On*, 2018 WL 6983622, at *5. Clearview should respond accordingly.

## VI.  Defendants Are Entitled to Discovery of Other Litigation Involving Clearview

Several requests go to Clearview's litigation history:

### American RFP 29/Select RFP 33:

All documents concerning any other civil action, arbitration proceeding or administrative proceeding in which Plaintiff has been a party or a witness regarding the recovery of Florida No-Fault (PIP) benefits. [American/Select] is willing to negotiate the scope of this request if the number of such suits is substantial.

AMENDED RESPONSE: Objection, Defendant's request is vague, ambiguous, overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. To the extent Defendant's request seeks documents involving Defendant and/or its affiliates and/or its subsidiaries, Defendant already possesses the subject information. Notwithstanding these objections, none in Plaintiff's possession.

### American ROG No. 5:

Other than those actions identified in response to Interrogatory No. 4, identify each and every civil action, arbitration proceeding, or administrative proceeding in which You were a party or Your employees, officers, directors, or principals testified as a witness since June 1, 2012, including any actions to collect Florida No-Fault ("PIP") benefits. Your answer should include: the court, case number and caption; a description of Your involvement in the action (as plaintiff, defendant, etc.); the name and address of Your counsel; the identity of the other parties involved; the status or final disposition of the action; and a description of the nature of the action, including the claims alleged and the relief sought. Progressive American is willing to negotiate the scope of this request if the number of such suits is substantial.

AMENDED RESPONSE: Objection, Defendant's request is vague, ambiguous, overbroad, burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the aforementioned, insomuch as Defendant's request intends to elicit information concerning actions involving the Defendant and/or its affiliates and/or its subsidiaries, Defendant already possesses the subject information. In addition, the burden of identifying any such cases requested is the same for Defendant as it is for Plaintiff, as the information is readily available online through the clerk of the court for Hillsborough County. These objections notwithstanding, Plaintiff states that it does not maintain records to identify the information requested in this interrogatory.

### American ROG No. 6:

In any suits brought by You or against You for PIP benefits, have the suits involved disputes concerning any of these issues: (a) the application of the Schedule to Your bills for portions not covered by the insured's co-payment; (b) the application of Medicare's Multiple Procedure Payment Reduction Rule ("MPPR") to Your bills; (c)

whether Your patient had an emergency medical condition (or non-emergency medical condition) as defined under the PIP Statute; (d) whether Your patient's PIP benefits were exhausted or not; (e) the application of the insured's PIP deductible to Your bills; (f) whether Your bills were timely submitted for payment; (g) the propriety of the coding and documentation of Your bills; (h) the validity of an assignment of PIP or other benefits to You by an insured; (i) the adequacy or validity of a demand made by You pursuant to Fla. Stat. § 627.736(10) (2008 to date); (j) an Independent Medical Examination or Peer Review; (k) the lawfulness of any service You provided; (1) the medical necessity of any service You provided; (m) billing for services not rendered (i.e., Fla. Stat. § 627.73 6(5)(b)1 .c.); and/or (n) fraud and/or misrepresentation on the part of You or Your assignor? If the answer to any of the above is "yes," provide the number of suits that implicated the issue(s). An estimate or percentage of the number of overall suits (as long as that number is provided) is acceptable.

<u>AMENDED</u> RESPONSE: Objection, Defendant's request is vague, ambiguous, overbroad, burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the aforementioned, insomuch as Defendant's request intends to elicit information concerning suits involving the Defendant and/or its affiliates and/or its subsidiaries, Defendant already possesses the subject information. In addition, the burden of identifying any such cases requested is the same for Defendant as it is for Plaintiff, as the information is readily available online through the clerk of the court for Hillsborough County. <u>These objections notwithstanding, Plaintiff states that it does not maintain records to identify the information requested in this interrogatory.</u>

**<u>American ROG No. 7:</u>**
Of the suits identified in response to Interrogatory Nos. 4 and 5, how many of those were resolved by settlement (whether via release, voluntary dismissal with prejudice, or otherwise)? An estimate or percentage of the number of overall suits (as long as that number is provided) is acceptable.

<u>AMENDED</u> RESPONSE: Objection, Defendant's request is vague, ambiguous, overbroad, burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the aforementioned, insomuch as Defendant's request intends to elicit information concerning suits involving the Defendant and/or its affiliates and/or its subsidiaries, Defendant already possesses the subject information. In addition, the burden of identifying any such cases requested is the same for Defendant as it is for Plaintiff, as the information is readily available online through the clerk of the court for Hillsborough County. <u>These objections notwithstanding, Plaintiff states that it does not maintain records to identify the information requested in Interrogatory Nos. 4 and 5.</u>

52575178;5

**ARGUMENT:** Clearview's objections should be overruled for the same reasons set forth in the prior sections. In addition, this information relates to issues of standing, adequacy, commonality, typicality, predominance, and superiority.

Even if Clearview does not itself maintain *any* information or records regarding its other lawsuits and/or actions[11] – which strains credulity – Defendants assume that Plaintiff's counsel in this case or other implicated cases in the requests must maintain such records. Such records are considered within the control of Clearview for discovery purposes. *See, e.g.*, *Marshall v. Cont'l Cas. Co.*, No. 8:07-CV-703-T-23MSS, 2008 WL 11336590, at *1 (M.D. Fla. Apr. 22, 2008) (Scriven, Mag. J.). So any responsive documents in the possession of Clearview's attorneys should be produced. *Id.*; *see also Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2013 WL 12156100, at *4 (M.D. Fla. Dec. 13, 2013) (Jenkins, Mag J.); *Meister v. Lee Cty. Sheriff's Office*, No. 2:06-cv-444-FtM-34SPC, 2008 WL 11337738, at *2–3 (M.D. Fla. Mar. 10, 2008) (Chappell, Mag. J.).

One of the factors to be considered in assessing certification under Fed. R. Civ. P. 23(b)(3)(A) is whether there is individual (non-class) litigation on the issue or issues to be addressed in the putative class. *Mills v. Foremost Ins. Co.*, 269 F.R.D. 663, 680 (M.D. Fla. 2010) (denying insurance class action certification because, among other reasons, individual class members could have and had sued on their own). Clearview's responses may also reveal potential legal conflicts that may render it or its counsel unqualified to serve as a class representative or class counsel, respectively. *See, e.g.*, *Green v. Carlson*, 653 F.2d 1022, 1022 (5th Cir. 1981) (pattern of abuse of judicial system disqualified plaintiff as

---

[11]      A review of the Hillsborough County Docket reveals more than fifty suits involving Plaintiff in the last five years.

representative). The documents may also provide information as to Clearview's experience with the judicial system and its ability to understand that system, which goes directly to whether Clearview is an adequate class representative. Indeed, Clearview's "adequacy must be assessed in light of [its] conduct in this or previous litigation, not based on a subjective evaluation of [its] personal qualifications." *Haywood v. Barnes*, 109 F.R.D. 568, 579 (E.D.N.C. 1986); *see Johns v. Rozet*, 141 F.R.D. 211, 217 (D.D.C. 1992). Defendants noted that they were "willing to negotiate the scope of [these requests] if the number of such suits is substantial." To the extent Defendants "already possess[] the subject information," "this is [not] a valid basis to withhold any responsive documents that [Clearview] may have in its possession, custody, or control." *Hands On*, 2018 WL 6983622, at *2, *9.

Very similar discovery was ordered in *Hands On*. 2018 WL 6983622, at *3, *8-9, *2, *2, respectively; *see also* Ex. 17 at RFP 35, ROG Nos. 5-7, respectively. The *Hands On* court found "All documents concerning any other civil action" to be overbroad, but still ordered the plaintiff to produce non-objectionable information. *Id.* at *3. Here, the request is limited to cases "regarding the recovery of Florida No-Fault (PIP) benefits" and Defendants have been "willing to negotiate the scope," so there is no reason Clearview cannot respond.

## VII.  Clearview Should Produce Copies of the MRIs

Clearview allegedly performed MRIs on the Patients. Defendants want copies of the MRIs, but Clearview has repeatedly refused:

**American RFP 7/Select RFP 7**:
Copies of the MRI scans for the Subject Patients.

AMENDED RESPONSE: Objection, because Defendant's request for "MRI scans" does not describe the documents it seeks with "reasonable particularity," *see* Fed. R. Civ. P. 34(b)(1)(A), Plaintiff cannot respond. To the extent the request seeks copies of

Plaintiff's written MRI reports regarding the Subject Patients, see documents produced in response to Request for Production Number 1. <u>The MRI films are available for inspection and copying at Plaintiff's counsel's office.</u>

**ARGUMENT:** These requests clearly seek copies of the MRI *scans* – not the written MRI reading analysis reports. Contrary to the objection that "scan" is not sufficiently defined – Clearview's own website refers to exactly such MRI scans. *See* http://clearviewopenmri.com/ (last accessed 4/13/20) (screenshots attached as **Exhibit 20**) (referencing scans and also stating "MRI/X-RAY Image Available On CD Or Film Upon Request."). Furthermore, Defendants made it clear in the meet-and-confer call that they wanted copies of the scans. Copies of such scans are necessary to determining the reasonableness and necessity of the medical treatment, including the determination as to whether the service was actually performed. Clearview's response that "the MRI films are available for inspection and copying at Plaintiff's counsel's office" is needlessly cumbersome given Clearview's advertised capability that it can provide such images by CD or Film. Defendant is willing to pay reasonable copying costs.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request that this Court enter an order: (a) finding Clearview's non-privilege objections to the Select RFPs and ROGs to have been waived; (b) finding Clearview is deemed to have admitted all of the Select RFAs; (c) requiring Clearview to fully and completely respond to all of the American and Select individual requests addressed herein; and (d) granting all such further, just, and appropriate relief.

## LOCAL RULE 3.01(G) CERTIFICATION

Undersigned counsel hereby certifies prior to filing this Motion, counsel for Defendants conferred with counsel for Clearview in a good-faith effort to resolve the issues raised in this Motion by, among other things: (1) an email dated January 13, 2020; (2) a letter dated January 21, 2020; (3) a meet-and-confer conference call on January 22, 2020; (4) a letter dated January 23, 2020; (5) an email dated February 10, 2020; and (6) a second meet-and-confer conference call on February 11, 2020; (7) a letter dated March 24, 2020; and (8) additional email correspondence. As of the date of this filing, counsel have been unable to reach an amicable resolution as to the issues raised in this Motion.

Dated: April 20, 2020.

Respectfully submitted,

**AKERMAN LLP**

*/s/ Jason L. Margolin*
Marcy Levine Aldrich (FBN 968447)
marcy.aldrich@akerman.com
debra.atkinson@akerman.com
Ari H. Gerstin (FBN 0839671)
ari.gerstin@akerman.com
marylin.herrera@akerman.com
Ross E. Linzer (FBN 73094)
ross.linzer@akerman.com
vivian.lopez@akerman.com
Three Brickell City Centre
98 Southeast Seventh Street
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

and

Irene A. Bassel Frick (FBN 158739)
Irene.basselfrick@akerman.com

nicole.emmett@akerman.com
Jason L. Margolin (FBN 69881)
jason.margolin@akerman.com
judy.barton@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Phone: 813.209.5009
Fax: 813.218.5488

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April, 2020, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason L. Margolin*

## SERVICE LIST

J. Daniel Clark
Clark & Martino, P.A.
Primary E-mail: dclark@clarkmartino.com
Secondary E-mail: rsmith@clarkmartino.com
3407 W. Kennedy Boulevard
Tampa, FL 33609
Tel: 813-879-0700

David M. Caldevilla
de la Parte & Gilbert, P.A.
Primary email: dcaldevilla@dgfirm.com
Secondary email: serviceclerk@dgfirm.com
Post Office Box 2350
Tampa, Florida 33601-2350
Tel: 813-229-2775

Matthew A. Crist
Crist Legal | PA
Primary E-mail: cristm@cristlegal.com
2904 West Bay to Bay Boulevard
Tampa, FL 33629
Tel: 813-575-5200

*Counsel for Clearview*

52575178;5