UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CLEARVIEW IMAGING, LLC,** as
assignee, individually, and on behalf of
all others similarly situated d/b/a
**Clearview Open MRI,**

    Plaintiff,

v.                                                      Lead Case No: 8:19-cv-1299-T-35CPT
                                                           Case No: 8:19-cv-1881-T-35AEP

**PROGRESSIVE AMERICAN
INSURANCE COMPANY and
PROGRESSIVE SELECT INSURANCE
COMPANY,**

    Defendants.
_____

## ORDER

**THIS CAUSE** comes before the Court upon *sua sponte* review of the Court's jurisdiction. In these consolidated actions, Clearview Imaging, LLC ("Clearview")—a provider of magnetic resonance imaging ("MRI") services—alleges that Progressive American Insurance Company and Progressive Select Insurance Company (collectively, "Progressive") routinely violate Florida's personal injury protection ("PIP") statute by discounting the co-payment portion of patients' medical bills. (Dkt. 19 at ¶¶ 1-6; Dkt. 42 at ¶¶ 1-6) This discounting allegedly reduces the co-payments Clearview is able to collect from patients who receive MRIs and have assigned their PIP benefits to Clearview. (Id.) Clearview brings these actions as the assignee of those PIP benefits, contending that Progressive breaches the policies issued to Clearview's insureds by applying allegedly

unlawful discounts to the co-payments and then "refus[ing] or fail[ing] to accept responsibility for th[e] unlawful reductions." (Dkt. 19 at ¶ 99; Dkt. 42 at ¶ 96)

Upon review, this Court has concerns as to whether it has subject-matter jurisdiction over these actions. "Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004). "Article III restricts the jurisdiction of the federal courts to litigants who have standing to sue." Nicklaw v. Citimortgage, Inc., 839 F.3d 998, 1001 (11th Cir. 2016). The "irreducible constitutional minimum of standing consists of three elements": "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 1548.

As an assignee, Clearview "stands in the shoes of the assignor[s]"—here, its insured patients. United Water Restoration Grp., Inc. v. State Farm Fla. Ins. Co., 173 So. 3d 1025, 1027 (Fla. 1st DCA 2015). The claims in these actions rest on the assertion that Progressive is "unlawful[ly] reduc[ing] [these patients'] coinsurance or co-payment obligation[s]." (Dkt. 19 at ¶ 94; Dkt. 42 at ¶ 92) In other words, Clearview contends that the co-payments its patients pay are too low. Clearview itself appears to suffer an injury from Progressive's alleged misconduct—it claims to receive less in co-payments than it otherwise would. It is unclear, however, whether Clearview's patients are injured by Progressive's alleged practices. If Clearview prevails in these actions and Progressive is

2

ordered to cease its practice of applying the allegedly unlawful discounts, the insureds' liability to Clearview would increase. Because Clearview stands in the shoes of its patients for purposes of these actions, there are serious questions as to whether Clearview, as an assignee, suffered an injury in fact that can support Article III standing.

Accordingly, it is hereby **ORDERED** as follows:

1. Clearview shall have **twenty-one (21) days** from the date of this Order to submit a supplemental memorandum of law, not to exceed **fifteen (15) pages**, addressing whether it has Article III standing to pursue these actions. Within **fourteen (14) days** after Clearview files its supplemental memorandum, Progressive shall file a responsive memorandum, not to exceed **fifteen (15) pages**.

2. Progressive's Motions to Dismiss, (Dkts. 27, 50), are **DENIED WITHOUT PREJUDICE**. The Court will *sua sponte* resurrect the Motions to Dismiss when the supplemental briefing on standing is complete, if the Court concludes that Clearview has standing.

3. Progressive Select Insurance Company's Motion for Leave to File a Reply to Plaintiff's Response to Its Motion to Dismiss, (Dkt. 52), is **DENIED AS MOOT**. If the Court requires any additional briefing on other issues, it will advise the Parties.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of September, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

3

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person