UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEARVIEW IMAGING, LLC d/b/a
CLEARVIEW OPEN MRI, on behalf of
itself and all similarly situated persons,

    Plaintiff,

v.

PROGRESSIVE AMERICAN
INSURANCE COMPANY and
PROGRESSIVE SELECT INSURANCE
COMPANY,

    Defendants.
_____/

Case No.: 8:19-cv-1299-T-35CPT
Case No.: 8:19-cv-1881-T-35AEP
(Consolidated)

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF
DEADLINE AND/OR STAY TO FILE MOTION FOR CLASS CERTIFICATION**

Plaintiff, pursuant to Federal Rule of Civil Procedure 6(b), moves for an extension and/or a stay of the deadline under which it must file its motion for class certification. Although all discovery matters have been stayed in anticipation of the Court's ruling on pending Motions to Dismiss, the Court did not extend or stay Plaintiff's deadline to file its motion for class certification in its August 21, 2020 Order (Doc. 79). Accordingly, Plaintiff seeks to similarly extend and/or stay its deadline to file its motion for class certification consistent with the stay of discovery. Defendants do not oppose this motion.

**BACKGROUND**

This case was removed on May 30, 2019. Under Local Rule 4.04(b), Plaintiff had until July 5, 2019 to file its motion for class certification. On June 26, 2019, Plaintiff

filed its Unopposed Motion for Extension of Deadline to File Motion for Class Certification (Doc. 14) so the Court would have the benefit of class-related discovery when ruling on the motion.  The Court granted the motion for extension (Doc. 17).

On August 30, 2019, the Court entered its Amended Case Management and Scheduling Order (Doc. 36) giving Plaintiff until September 4, 2020 to file its motion for class certification.  On May 19, 2020, the Court entered its Order Concerning Civil Case (Doc. 62) and directed Plaintiff to file a Supplemental Scheduling Report extending all outstanding deadlines by 90 days.  On May 22, 2020, Plaintiff filed the Supplemental Scheduling Report (Doc. 67) providing that Plaintiff's new deadline to file its motion for class certification is December 3, 2020, Defendants' deadline to file their response is January 7, 2021, and Plaintiff's deadline to file its reply is January 25, 2021.  The Supplemental Scheduling Report also provided that the class certification discovery deadline was November 12, 2020.

On August 14, 2020, Plaintiff filed its Motion for Extension of Time and/or Protective Order Regarding Defendants' Three Motions to Compel and Pending Discovery (Doc. 76).  Plaintiff argued that because Defendants' Motions to Dismiss (Docs. 27 and 50) were pending, it was not clear what issues would be relevant to the discovery dispute at issue in Defendants' three Motions to Compel (Docs. 73, 74, and 75).  On August 21, 2020, the Court entered its Order (Doc. 79) ruling that "a stay of discovery pending resolution of the case-dispositive issues raised in the Motions to Dismiss would be prudent."  That Order stayed all discovery matters pending resolution of the Motions to Dismiss with an amended Case Management and

Scheduling Order anticipated, assuming the motions were denied in whole or in part (Doc. 79).

On September 23, 2020, the Court entered its Order (Doc. 80) raising questions about Plaintiff's standing.  Thereafter, Plaintiff filed its Response to Court's Order on Standing (Doc. 84) and Motion for Leave to Amend Complaint (Doc. 85) through which Plaintiff attempts to address the Court's concerns on standing.  Defendants have until November 25, 2020 to respond (Doc. 87). Accordingly, Plaintiff seeks an extension and/or stay of its deadline to file its motion for class certification.

## ARGUMENT

Federal Rule of Civil Procedure 6(b) provides that a court, for cause shown, may, at any time, in its discretion and upon motion of a party, enlarge a period of time in which an act is to be conducted under the Federal Rules of Civil Procedure.  Further, trial courts have the inherent discretion to control their dockets and to allow for the orderly proceeding of matters before it.  *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e stress the broad discretion district courts have in managing their cases."); *Woods v. Allied Concord Fin. Corp.*, 373 F.2d 733 (5th Cir. 1967).

Based on the ruling staying discovery until the Motions to Dismiss are resolved, Plaintiff cannot pursue discovery related to class certification.  Therefore, based on the stay of discovery, Plaintiff requests that its deadline to file its motion for class certification be similarly extended and/or stayed.  Plaintiff suggests that after the discovery stay is lifted, it will confer with Defendants and submit a class discovery and

3

briefing schedule to the Court.  Respectfully, Plaintiff suggests that it has shown cause for the requested extension under these facts.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the requested extension of time and grant any other relief that is just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiff has conferred with Defendants in an attempt to resolve this motion without the Court's involvement.  Defendants do not oppose this motion.

**[Attorney's signature appears on the following page.]**

Respectfully submitted,

/s/ *Matthew A. Crist*
Matthew A. Crist, FBN 0035539
cristm@cristlegal.com
**CRIST LEGAL | PA**
2904 West Bay to Bay Boulevard
Tampa, FL 33629
Telephone: (813) 575-5200
Facsimile: (813) 575-2520

J. Daniel Clark, FBN 0106471
dclark@clarkmartino.com
**CLARK ♦ MARTINO, P.A.**
3407 W. Kennedy Blvd.
Tampa, FL 33609
Telephone: (813) 879-0700
Facsimile: (813) 879-5498

David M. Caldevilla, FBN 654248
dcaldevilla@dgfirm.com
**de la PARTE & GILBERT, P.A.**
P.O. Box 2350
Tampa, FL 33601-2350
Telephone: (813) 229-2775
Facsimile: (813) 229-2712

Bryan S. Gowdy, FBN 176631
bgowdy@appellate-firm.com
**CREED & GOWDY, P.A.**
865 May Street
Jacksonville, FL 32204
Telephone: (904) 350-0075

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on November 12, 2020, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Matthew A. Crist*
Matthew A. Crist